UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RAFIA LAWAL, on behalf of herself and all others similarly situated,<br><br>Plaintiff<br><br>-against-<br><br>THE ADAIR GROUP, LLC,<br><br>Defendant. | Civil Action No. 1:22-cv-03902-JPC<br><br>**ANSWER TO COMPLAINT** |

**DEFENDANT THE ADAIR GROUP, LLC'S**
**ANSWER TO THE COMPLAINT**

Defendant, the Adair Group, LLC ("Defendant"), by counsel, hereby files their Answer to Plaintiff's Complaint.

**INTRODUCTION/PRELIMINARY STATEMENT**

1. The allegations in Paragraph 1 of the Complaint are not asserted against The Adair Group, and, therefore, no response is required.

2. The allegations in Paragraph 2 of the Complaint are not asserted against The Adair Group, and, therefore, no response is required.

3. The allegations in Paragraph 3 of the Complaint are not asserted against The Adair Group, and, therefore, no response is required.

**NATURE OF ACTION**

4. The allegations in Paragraph 4 of the Complaint are not asserted against The Adair Group, and, therefore, no response is required.

1

5. The allegations in Paragraph 5 of the Complaint are not asserted against The Adair Group, and, therefore, no response is required.

6. As to the allegations in Paragraph 6 of the Complaint, The Adair Group denies that it "fails to maintain and operate its website in a way to make it fully accessible for" Plaintiff, but The Adair Group is without information or knowledge sufficient to form a belief as to the truth of the allegations about what Plaintiff "quickly became aware of" and therefore denies the same.

7. The allegations in Paragraph 7 of the Complaint are not asserted against The Adair Group, and, therefore, no response is required.

8. The allegations in Paragraph 8 of the Complaint are not asserted against The Adair Group, and, therefore, no response is required.

9. The allegations in Paragraph 9 of the Complaint are not asserted against The Adair Group, and, therefore, no response is required.

10. The allegations in Paragraph 10 of the Complaint are not asserted against The Adair Group, and, therefore, no response is required.

11. The allegations in Paragraph 11 of the Complaint are not asserted against The Adair Group, and, therefore, no response is required.

12. The Adair Group denies the allegations in Paragraph 12 of the Complaint.

13. The Adair Group denies that the relief sought in Paragraph 13 of the Complaint is necessary.

**JURISDICTION AND VENUE**

14. The allegations in Paragraph 14 of the Complaint call for a legal conclusion to which no response is required.

15. The allegations in Paragraph 15 of the Complaint call for a legal conclusion to which no response is required.

16. The allegations in Paragraph 16 of the Complaint call for a legal conclusion to which no response is required.

### PARTIES

17. The Adair Group is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17 of the Complaint and, therefore, denies the same.

18. The Adair Group is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18 of the Complaint and, therefore, denies the same.

19. The Adair Group admits the allegations in Paragraph 19 of the Complaint.

20. As to the allegations in Paragraph 20 of the Complaint, The Adair Group admits that it offers for sale certain retail items on its website, but the remainder of Paragraph 20 calls for a legal conclusion to which no response is required. To the extent that The Adair Group is required to respond to Plaintiff's legal conclusions in Paragraph 20 of the Complaint, The Adair Group denies the same.

21. Paragraph 21 of the Complaint calls for a legal conclusion to which no response is required. To the extent that The Adair Group is required to respond to Plaintiff's legal conclusions in Paragraph 21 of the Complaint, The Adair Group denies the same.

22. The Adair Group admits the allegations in Paragraph 22 of the Complaint.

### ALLEGATIONS OF FACT

23. As to the allegations in Paragraph 23 of the Complaint, The Adair Group denies that Plaintiff visited its website with the intent of "potentially making a purchase," but The Adair

Group is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 23 of the Complaint and, therefore, denies the same.

24. As to the allegations in Paragraph 24 of the Complaint, The Adair Group is without information or knowledge sufficient to form a belief as to the truth of the allegations about Plaintiff being visually impaired, but The Adair Group denies the remaining allegations in Paragraph 24 of the Complaint. By way of further response, The Adair Group affirmatively asserts that for more than a year The Adair Group has utilized website accessibility plugin software provided by a vendor called accessiBe™, which is the same website accessibility plugin software utilized by Plaintiff's counsel's law firm.

25. The Adair Group denies the allegations in Paragraph 25 of the Complaint. By way of further response, The Adair Group affirmatively asserts that for more than a year The Adair Group has utilized website accessibility plugin software provided by a vendor called accessiBe™, which is the same website accessibility plugin software utilized by Plaintiff's counsel's law firm.

26. The Adair Group denies the allegations in Paragraph 26 of the Complaint. By way of further response, The Adair Group affirmatively asserts that for more than a year The Adair Group has utilized website accessibility plugin software provided by a vendor called accessiBe™, which is the same website accessibility plugin software utilized by Plaintiff's counsel's law firm.

27. The Adair Group denies the allegations in Paragraph 27 of the Complaint. By way of further response, The Adair Group affirmatively asserts that for more than a year The Adair Group has utilized website accessibility plugin software provided by a vendor called accessiBe™, which is the same website accessibility plugin software utilized by Plaintiff's counsel's law firm.

28. The Adair Group denies the allegations in Paragraph 28 of the Complaint. By way of further response, The Adair Group affirmatively asserts that for more than a year The Adair

Group has utilized website accessibility plugin software provided by a vendor called accessiBe™, which is the same website accessibility plugin software utilized by Plaintiff's counsel's law firm.

29. The Adair Group denies the allegations in Paragraph 29 of the Complaint. By way of further response, The Adair Group affirmatively asserts that for more than a year The Adair Group has utilized website accessibility plugin software provided by a vendor called accessiBe™, which is the same website accessibility plugin software utilized by Plaintiff's counsel's law firm.

30. The Adair Group denies the allegations in Paragraph 30 of the Complaint. By way of further response, The Adair Group affirmatively asserts that for more than a year The Adair Group has utilized website accessibility plugin software provided by a vendor called accessiBe™, which is the same website accessibility plugin software utilized by Plaintiff's counsel's law firm.

31. As to the allegations in Paragraph 31 of the Complaint, The Adair Group denies any suggestion that its website does not comply with WCAG 2.1 guidelines because The Adair Group has utilized website accessibility plugin software provided by a vendor called accessiBe™, which is the same website accessibility plugin software utilized by Plaintiff's counsel's law firm. The Adair Group is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 31 related to what Plaintiff can or could independently navigate the website since the website is fully compliant.

32. The Adair Group denies the allegations in Paragraph 32 of the Complaint. By way of further response, The Adair Group affirmatively asserts that for more than a year The Adair Group has utilized website accessibility plugin software provided by a vendor called accessiBe™, which is the same website accessibility plugin software utilized by Plaintiff's counsel's law firm.

33. As to the allegations in Paragraph 33 of the Complaint, The Adair Group denies that it has violated the ADA and that Plaintiff is entitled to the relief described in that paragraph.

34. The Adair Group denies the allegations in Paragraph 34 of the Complaint. By way of further response, The Adair Group affirmatively asserts that for more than a year The Adair Group has utilized website accessibility plugin software provided by a vendor called accessiBe™, which is the same website accessibility plugin software utilized by Plaintiff's counsel's law firm.

## CLASS ACTION ALLEGATIONS

35. As to the allegations in Paragraph 35 of the Complaint, The Adair Group denies that its website has denied access to anyone as a result of visual disabilities, and The Adair Group further denies that any class needs certified. By way of further response, The Adair Group affirmatively asserts that for more than a year The Adair Group has utilized website accessibility plugin software provided by a vendor called accessiBe™, which is the same website accessibility plugin software utilized by Plaintiff's counsel's law firm.

36. As to the allegations in Paragraph 36 of the Complaint, The Adair Group denies that its website has denied access to anyone as a result of visual disabilities, and The Adair Group further denies that any class needs certified. By way of further response, The Adair Group affirmatively asserts that for more than a year The Adair Group has utilized website accessibility plugin software provided by a vendor called accessiBe™, which is the same website accessibility plugin software utilized by Plaintiff's counsel's law firm.

37. The allegations in Paragraph 37 of the Complaint call for legal conclusions to which no response is required. However, to the extent that The Adair Group is required to respond to Paragraph 37, The Adair Group denies that its website has violated the ADA in any way and that Plaintiff or potential other plaintiffs are entitled to class action relief against it.

38. As to the allegations in Paragraph 38 of the Complaint, The Adair Group denies that has violated the ADA or NYCHRL. By way of further response, The Adair Group

affirmatively asserts that for more than a year The Adair Group has utilized website accessibility plugin software provided by a vendor called accessiBe™, which is the same website accessibility plugin software utilized by Plaintiff's counsel's law firm.

39.     The allegations in Paragraph 39 of the Complaint call for legal conclusions to which no response is required. By way of further response, the allegation in Paragraph 39 that "Defendant has acted or refused to act on grounds generally applicable to the Class" is merely copied from the rules and a formulaic allegation to which The Adair Group has no way to respond other than to restate that it has utilized website accessibility plugin software provided by a vendor called accessiBe™, which is the same website accessibility plugin software utilized by Plaintiff's counsel's law firm.

40.     The allegations in Paragraph 40 of the Complaint call for legal conclusions to which no response is required.

41.     The allegations in Paragraph 41 of the Complaint call for legal conclusions to which no response is required.

**FIRST CAUSE OF ACTION**
**VIOLATIONS OF THE ADA, 42 U.S.C. § 12181 et seq.**

42.     In response to the incorporation language contained in Paragraph 42 of the Complaint, The Adair Group incorporates its responses to the preceding numbered paragraphs, as though set forth herein in their entirety.

43.     The allegations in Paragraph 43 of the Complaint are not asserted against The Adair Group, and, therefore, no response is required.

44.     The allegations in Paragraph 44 of the Complaint call for legal conclusions to which no response is required. However, to the extent that a response is required, The Adair Group denies Paragraph 44 of the Complaint.

45. The allegations in Paragraph 45 of the Complaint are not asserted against The Adair Group, and, therefore, no response is required.

46. The allegations in Paragraph 46 of the Complaint are not asserted against The Adair Group, and, therefore, no response is required.

47. The allegations in Paragraph 47 of the Complaint are not asserted against The Adair Group, and, therefore, no response is required.

48. As to the allegations in Paragraph 48 of the Complaint, The Adair Group denies that it has violated the ADA and that Plaintiff or anyone else with visual disabilities has been denied access to its website, and, further, The Adair Group denies that it has "failed to take any prompt and equitable steps to remedy its discriminatory conduct" and that "[t]hese violations are ongoing." On the contrary, The Adair Group affirmatively asserts that for more than a year The Adair Group has utilized website accessibility plugin software provided by a vendor called accessiBe™, which is the same website accessibility plugin software utilized by Plaintiff's counsel's law firm. The Adair Group is without information or knowledge sufficient to form a belief as to the truth of the remaining allegations in Paragraph 48 of the Complaint and, therefore, denies the same.

49. The Adair Group denies that Plaintiff is entitled to the relief requested in Paragraph 49 of the Complaint.

## SECOND CAUSE OF ACTION
## VIOLATIONS OF THE NYCHRL

50. In response to the incorporation language contained in Paragraph 50 of the Complaint, The Adair Group incorporates its responses to the preceding numbered paragraphs, as though set forth herein in their entirety.

51. The allegations in Paragraph 51 of the Complaint are not asserted against The Adair Group, and, therefore, no response is required.

52. The allegations in Paragraph 52 of the Complaint call for legal conclusions to which no response is required. However, to the extent that The Adair Group is required to respond to Paragraph 52, The Adair Group denies the same.

53. The allegations in Paragraph 53 of the Complaint call for legal conclusions to which no response is required. However, to the extent that The Adair Group is required to respond to Paragraph 53, The Adair Group denies the same.

54. The Adair Group denies the allegations in Paragraph 54 of the Complaint

55. The allegations in Paragraph 55 of the Complaint call for legal conclusions to which no response is required. However, to the extent that The Adair Group is required to respond to Paragraph 55, The Adair Group denies the same.

56. The Adair Group denies the allegations in Paragraph 56 of the Complaint.

57. The Adair Group denies the allegations in Paragraph 57 of the Complaint.

58. The Adair Group denies the allegations in Paragraph 58 of the Complaint.

59. The Adair Group denies the allegations in Paragraph 59 of the Complaint.

60. The Adair Group denies the allegations in Paragraph 60 of the Complaint.

61. The Adair Group denies the allegations in Paragraph 61 of the Complaint.

62. The Adair Group denies the relief requested in Paragraph 62 of the Complaint.

**THIRD CAUSE OF ACTION**
**DECLARATION OF RELIEF**

63. In response to the incorporation language contained in Paragraph 63 of the Complaint, The Adair Group incorporates its responses to the preceding numbered paragraphs, as though set forth herein in their entirety.

64. As to the allegations in Paragraph 64 of the Complaint, The Adair Group denies its website "contains access barriers denying blind customers the full and equal access to the products" of its website because The Adair Group affirmatively asserts that for more than a year The Adair Group has utilized website accessibility plugin software provided by a vendor called accessiBe™, which is the same website accessibility plugin software utilized by Plaintiff's counsel's law firm. However, The Adair Group notes that its website does not offer "services and facilities," as alleged in Paragraph 64 of the Complaint. The Adair Group denies all other allegations in Paragraph 64 of the Complaint.

65. The allegations in Paragraph 65 of the Complaint call for a legal conclusion to which no response is required. However, if a response is required, The Adair Group denies that any declaratory relief in Plaintiff's favor should be entered against The Adair Group.

66. The Adair Group denies all allegations in the Complaint that it has not expressly admitted.

## AFFIRMATIVE DEFENSES

1. Plaintiff failed to state a claim upon which relief is available because Plaintiff's allegations are conclusory in nature and allege no actual injury, the law does not require Defendant to comply with the standards identified by Plaintiff, and, in any event, Defendant's website is materially compliant with the ADA.

2. Plaintiff lacks standing to pursue this claim because Plaintiff has suffered no injury.

3. The Court lacks subject matter jurisdiction over this case.

4. Plaintiff's claims are barred by conditions precedent in that Plaintiff failed to identify any specific ADA violations and notify Defendant of such alleged

violations. Plaintiff did not request a reasonable modification of Defendant's website, and Plaintiff gave Defendant no opportunity to cure any alleged violation.

5. Plaintiff's claims are barred by the equitable doctrine of unclean hands in that Plaintiff did not search for actual items to purchase on Defendant's website, did not intend to return to Defendant's website, and Plaintiff saw that Defendant utilizes the same ADA compliance software on its website that Plaintiff's counsel uses on his website.

6. Defendant's website is not covered by the ADA because it is not linked to any physical store or other facility contemplated by the ADA.

7. Plaintiff's claims are barred by the ripeness doctrine in that the federal government has not articulated or implemented the regulations alleged by Plaintiff.

8. Plaintiff's claims and requested relief would impose an undue burden on and violate the due process clause on Defendant because of Defendant's lack of notice of what regulations are required and what level of compliance satisfies federal rules.

9. In the event that Defendant's website is found to be non-compliant or not sufficiently compliant with ADA requirements, such fault is the result of its independent contractor, accessiBe™, which developed and owns the proprietary software marketed to Defendant, and which Defendant purchased over a year ago to make the website materially compliant. That website software plugin, which Plaintiff's lawyer's law firm also uses, was in use when Plaintiff alleges she accessed the website.

10. Plaintiff failed to mitigate her damages, if any.

11. Plaintiff may not receive more than one recovery for any alleged harm, if any.

12. Plaintiff's claims are barred by the doctrine of unjust enrichment.

13. Plaintiff has failed to plead facts entitling it to recover monetary damages, attorneys' fees, punitive damages, or other statutory relief.

14. Defendant reserves all rights pursuant to Civil Rule 15 amend this Answer in order to clarify or add, if necessary, any affirmative defenses pertinent to this lawsuit.

**WHEREFORE,** Defendant, The Adair Group, LLC, respectfully demands as follows:

1. That the Plaintiff's Complaint be dismissed, with prejudice;

2. A trial by jury on all issues so triable;

3. Recovery of costs and fees, including reasonable attorneys' fees, permissible under the law; and

4. Any and all additional orders and relief to which The Adair Group is entitled.

Dated: July 17, 2022

Respectfully submitted,

/s/ Bruce B. Paul
Bruce B. Paul
McBRAYER PLLC
500 West Jefferson Street
Suite 2400
Louisville, KY 40202
Phone: (502) 327-5400
Fax: (502) 327-5444
Email: bpaul@mcbrayerfirm.com

**CERTIFICATE OF SERVICE**

      I hereby certify that on July 17, 2022, I electronically filed the foregoing with the ECF System, which served a copy on all ECF participants, including:

Yitzchak Zelman
MARCUS & ZELMAN, LLC
701 Cookman Avenue, Suite 300
Asbury Park, NJ 07712
(732) 695-3282
yzelman@marcuszelman.com
*ATTORNEY FOR RAFIA LAWAL, on behalf
of herself and all others similarly situated.*

                                                  /s/ Bruce B. Paul
                                                  Bruce B. Paul